# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| TIFFANY TAYLOR, | * | No. 22-1918V |
| *as parent and legal representative* | * | |
| *of her minor son, C.T.,* | * | |
| | * | |
| Petitioner, | * | |
| | * | Special Master Christian J. Moran |
| v. | * | |
| | * | Filed: February 6, 2024 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

<u>Glen Howard Sturtevant, Jr.</u>, Rawls Law Group, Richmond, VA, for petitioner;
<u>Sarah Christina Duncan</u>, United States Dep't of Justice, Washington, D.C., for respondent.

**UNPUBLISHED DECISION DENYING COMPENSATION[1]**

Tiffany Taylor alleges that a rotavirus vaccine administered on January 17, 2020 caused her child C.T. to develop intussusception, or significantly aggravated an underlying disorder resulting in intussusception on March 14, 2020. Pet., filed Dec. 29, 2022. On January 18, 2024, the Secretary moved to dismiss the case.

## I.     Procedural History

Ms. Taylor filed her petition on behalf of C.T. on December 29, 2022, alleging that a rotavirus vaccine administered to C.T. caused him to develop an intussusception, or, in the alternative, significantly aggravated an underlying disorder resulting in the intussusception. Pet. at 1-2. A month later, Ms. Taylor filed various medical records and affidavits. On October 27, 2023, the undersigned issued a comprehensive scheduling order and draft expert instructions, setting the deadlines for the Secretary's Rule 4(c) Report and the parties' expert reports.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

The Secretary filed his Rule 4(c) Report on January 18, 2024, recommending that the case be dismissed. The Secretary argued that Ms. Taylor had not offered a reputable scientific or medical theory establishing that the rotavirus vaccine can cause intussusception 58 days after vaccination, and noted that none of C.T.'s treating physicians opined that the vaccine could or did cause the intussusception. Resp't's Rep. at 6. The Secretary characterized the 1-21 day onset of intussusception on the Vaccine Table as "likely overbroad" in light of the more common 1-7 day onset, and disputed that it would be medically acceptable to infer causation-in-fact from C.T.'s onset after 58 days. Given this delayed interval, the Secretary questioned whether there was reasonable basis to proceed. Id. at 7 n.6. The Secretary also argued that Ms. Taylor had not submitted preponderant evidence to establish any of the Loving prongs, nor identified a preexisting condition that was allegedly significantly aggravated by the vaccine. Id. at 5-6 n.5.

Concurrently with his Rule 4(c) Report, the Secretary filed a Motion to Dismiss, incorporating the arguments from his Report. On January 26, 2024, Ms. Taylor filed a status report advising that she did not anticipate finding a supportive expert. In a status conference on February 6, 2024, Ms. Taylor confirmed that she was not able to find an expert, and asked that the Motion to Dismiss be decided.

## II.   Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

Here, the evidence weighs against a finding that C.T.'s intussusception was caused by the rotavirus vaccination, or that he had an underlying condition that was significantly aggravated by the vaccination. The medical records and affidavits place onset at March 14, 2022, which was 58 days after C.T. received the rotavirus vaccine. This falls well outside of the Vaccine Table's timeframe of 1-21 days. Ms. Taylor has therefore not carried her burden under Althen prong three. See Carda on behalf of G.J.C. v. Sec'y of Health & Hum. Servs., No. 14-191V, 2017 WL 6887368, at *21-22 (Fed. Cl. Nov. 16, 2017) (56 days between rotavirus vaccine and intussusception was not a medically appropriate timeframe). An analysis of the other Althen prongs is not necessary. See W.C. v. Sec'y of Health & Hum. Servs., 704 F.3d 1352, 1358 (Fed. Cir. 2013) (because a petitioner must establish all three prongs, failure to establish one prong necessarily implies a petitioner cannot establish causation under Althen).

**Thus, the Motion to Dismiss is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

2

**IT IS SO ORDERED**.

s/Christian J. Moran  
Christian J. Moran  
Special Master